IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 7 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE ALFREDO RIVERA, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. B-03-139 |
| § | **CAPITAL LITIGANT** |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division,[1] § | |
| Respondent § | |

### RESPONDENT'S UNOPPOSED MOTION FOR LEAVE
### TO CONDUCT DISCOVERY

Petitioner Jose Alfredo Rivera ("Rivera") is a Texas death row inmate who previously and unsuccessfully contested his presumptively valid state conviction and sentence of death in the state and federal courts. On August 6, 2003, the Fifth Circuit stayed Rivera's impending execution, and granted leave for Rivera to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b) on the issue of mental retardation. *In re: Jose Alfredo Rivera*, No. 03-41069 (5th Cir. 2003). Rivera filed his successive writ petition in this Court on August 11, 2003, arguing that his death sentence is barred by *Atkins v. Virginia*, 536 U.S. 304 (2002), because he is mentally retarded. During the September 29, 2003 status conference, this Court scheduled Rivera's case for an evidentiary hearing commencing

---

[1] The "Institutional Division" of the Texas Department of Criminal Justice was recently renamed the "Correctional Institutions Division." Additionally, the previous named respondent in this action was Janie Cockrell. On August 18, 2003, Doug Dretke succeeded Cockrell as Director of the Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, he "is automatically substituted as a party." FED. R. CIV. P. 25(d)(1). As used herein, respondent shall be referred to as "the Director."

December 15, 2003. This motion follows.

## LEGAL AUTHORITY FOR GRANTING DISCOVERY

The Director requests leave under Rule 6 of the Rules Governing § 2254 Cases to avail himself of discovery procedures permitted under the federal rules. Rule 6 provides in relevant part: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, 28 U.S.C. § 2254 (1998).

## SPECIFIC REQUESTS FOR DISCOVERY

**I.   Educational and Vocational Records**

Because the only issue before this Court is whether Rivera is mentally retarded, good cause exists to allow the Director to obtain full and complete copies of educational and vocational records from Rivera's public schooling and from any schooling or training Rivera may have obtained while in custody of the Texas Department of Criminal Justice ("TDCJ"). Additionally, individuals who have taught Rivera in the past may be able to testify regarding Rivera's level of functioning or his adaptive abilities and, therefore, the Director seeks a list of the names of all such instructors. The Director, by and through his undersigned attorney of record, hereby moves this Court for an order granting leave to take the discovery requested below:

**Request #1**:   A subpoena for Brownsville ISD Interim Superintendent of Schools Johnny Pineda requesting that the Superintendent direct the Custodian of Student Records and/or the Director of Student Services to produce the following regarding former student Jose Alfredo Rivera, D.O.B. 12/23/62:

    A.    Any and all records of standardized I.Q. testing or tests evidencing levels of intellectual functioning; of evaluations of Rivera's academic performance; of report cards or progress evaluations; of results from standardized or individualized testing for academics, aptitude or vocational skills; of Rivera's placement in special education or resource classes and the reason(s) for such placement; of Rivera receiving specialized schooling, modifications, or adaptations for any subject and the reasons therefore; of Rivera receiving vocational support services; of Rivera's participation in extra-curricular events or activities; of Rivera's student health record; and of disciplinary incidents or reports.

    B.    A list of the names of all teachers who taught Rivera and all principals of the schools Rivera attended for the following periods:

        1)    Canales Elementary - 1967 -1968 (kindergarten)

        2)    Longoria Elementary 1968-1975 (1st through 6th grade)

        3)    Cummings Middle School 1975-1976 (8th grade; skipped 7th grade)

        4)    Homer Hanna High School 1976-1978 (9th grade)

**Request #2**:   A subpoena for Windham School District Superintendent Dr. Ronald Bradford requesting that the Superintendent direct its Intake and Records Department to produce the following regarding inmate Jose Alfredo Rivera, TDCJ # 999102 (death row) or TDCJ# 587721 (prior incarceration) during his current or prior incarcerations at TDCJ facilities:

    A.    Any and all records of standardized I.Q. testing or tests evidencing levels of intellectual functioning; of evaluations of Rivera's academic performance; of report cards or progress evaluations; of results from standardized or individualized testing for academics, aptitude or vocational skills; of Rivera's placement in special education or resource classes and the reason(s) for such placement; and of Rivera receiving specialized schooling, modifications, or adaptations for any subject and the reasons therefore.

    B.    Any and all records regarding Rivera's placement in the Mentally Retarded Offender Program (MROP), or any program of similar nature, or any documents evidencing why Rivera was not placed in such program(s).

    C.    Any and all records evidencing job training, certification or professional licensing attempted by or actually obtained by Rivera.

    D.    A list of the names of all teachers or instructors who taught Rivera, and a contact phone number for work (if still employed by TDCJ).

## II. Examination of Rivera

The Director anticipates that Rivera will be subjected to I.Q. testing by an expert of his own choosing. Given the impending evidentiary hearing, it is imperative that the Director not only obtain information regarding this expert and the actual testing results in a timely manner, but also that the Director has an opportunity to subject Rivera to testing as well. Good cause thus exists to grant the following requests:

**Request #3**:  Rivera shall disclose the following regarding any person who may be used at trial to present expert testimony regarding Rivera's intellectual status or level of adaptive functioning:

    A.    As soon as possible, disclose the name, address, and telephone number of each expert.

    B.    As soon as possible, provide a curriculum vitae and/or resume.

    C.    As soon as possible after Rivera's experts have completed their testing, provide a copy of all testing materials completed or attempted by Rivera, and the scoring sheets for all tests administered Rivera by this expert and/or any associate.

    D.    By no later than ten (10) days before the hearing, provide any written report prepared and signed by the witness which forms the basis of the witness' opinions or is intended to be offered at the hearing.

**Request #4**: The Director shall be allowed leave of Court to conduct an examination of Rivera prior to the scheduled evidentiary hearing so that the Director's expert can effectively formulate an opinion on Rivera's intellectual status and level of adaptive functioning.

## CONCLUSION

For the above reasons, the Director requests that this Court grant his unopposed motion for leave to conduct discovery.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    BARRY R. McBEE
    First Assistant Attorney General

    JAY KIMBROUGH
    Deputy Attorney General for Criminal Justice

    GENA BUNN
    Assistant Attorney General
    Chief, Postconviction Litigation Division

    _/s/ Katherine D. Hayes_
    KATHERINE D. HAYES*
*Attorney-in-charge    Assistant Attorney General
    State Bar No. 00796729
    Southern District Admission No. 22698

    Office of the Attorney General of Texas
    ATTN: Postconviction Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    Telephone: (512) 936-1600
    Telecopier: (512) 320-8132

    ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I certify that on Thursday, November 6, 2003, I spoke with John A. Riley, counsel of record for Petitioner during the absence of lead counsel Max Hendrick, III, who stated that he is unopposed to the Court granting the relief requested herein, but that he is not agreeing to any factual statement contained in the motion itself.

_____
KATHERINE D. HAYES
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing motion has been served by overnight mail delivery on Thursday, November 6, 2003, addressed to:

Max Hendrick, III
VINSON & ELKINS L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
contact # (713) 758-2222

_____
KATHERINE D. HAYES
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO RIVERA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-139 |
| | § | **CAPITAL LITIGANT** |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent | § | |

**ORDER**

The Court, having considered Respondent's unopposed motion for leave to conduct discovery, is of the opinion that Respondent's motion should be GRANTED. It is hereby ORDERED, ADJUDGED, and DECREED that:

1. **Educational and vocational records** -- Within ten (10) days of receiving this Court order and accompanying subpoena to be issued by Respondent, Brownsville ISD Interim Superintendent of Schools Johnny Pineda shall direct the Custodian of Student Records and/or the Director of Student Services to produce the following regarding former student Jose Alfredo Rivera, D.O.B. 12/23/62:

   A. Any and all records of standardized I.Q. testing or tests evidencing levels of intellectual functioning; of evaluations of Rivera's academic performance; of report cards or progress evaluations; of results from standardized or individualized testing for academics, aptitude or vocational skills; of Rivera's placement in special education or resource classes and the reason(s) for such placement; of Rivera receiving specialized schooling, modifications, or adaptations for any subject and the reasons therefore; of Rivera receiving vocational support services; of Rivera's participation in extra-curricular events or activities; of Rivera's student health record; and of disciplinary incidents or reports.

Page 1 of 3

    B.    A list of the names of all teachers who taught Rivera and all principals of the schools Rivera attended for the following periods:

        1)    Canales Elementary - 1967 -1968 (kindergarten)

        2)    Longoria Elementary 1968-1975 (1st through 6th grade)

        3)    Cummings Middle School 1975-1976 (8th grade; skipped 7th grade)

        4)    Homer Hanna High School 1976-1978 (9th grade)

2.    **Educational and vocational records** -- Within ten (10) days of receiving this Court order and accompanying subpoena to be issued by Respondent, Windham School District Superintendent Dr. Ronald Bradford shall direct the Intake and Records Department to produce the following regarding inmate Jose Alfredo Rivera, TDCJ # 999102 (death row) or TDCJ# 587721 (prior incarceration) during his current or prior incarcerations at TDCJ facilities:

    A.    Any and all records of standardized I.Q. testing or tests evidencing levels of intellectual functioning; of evaluations of Rivera's academic performance; of report cards or progress evaluations; of results from standardized or individualized testing for academics, aptitude or vocational skills; of Rivera's placement in special education or resource classes and the reason(s) for such placement; and of Rivera receiving specialized schooling, modifications, or adaptations for any subject and the reasons therefore.

    B.    Any and all records regarding Rivera's placement in the Mentally Retarded Offender Program (MROP), or any program of similar nature, or any documents evidencing why Rivera was not placed in such program(s).

    C.    Any and all records evidencing job training, certification or professional licensing attempted by or actually obtained by Rivera.

    D.    A list of the names of all teachers or instructors who taught Rivera, and a contact phone number for work (if still employed by TDCJ).

3. **Examination of Petitioner** -- Petitioner shall disclose to Respondent the following information regarding any person who may be used at trial to present expert testimony regarding Petitioner's intellectual status or level of adaptive functioning:

    A.    As soon as possible, disclose the name, address, and telephone number of each expert.

    B.    As soon as possible, provide a curriculum vitae and/or resume.

    C.    As soon as possible after Petitioner's experts have completed their testing, provide a copy of all testing materials completed or attempted by Rivera, and the scoring sheets for all tests administered Rivera by this expert and/or any associate.

    D.    By no later than ten (10) days before the hearing, provide any written report prepared and signed by the witness which forms the basis of the witness' opinions or is intended to be offered at the hearing.

4. **Examination of Petitioner** -- The Director is allowed leave of Court to conduct an examination of Rivera at the TDCJ unit prior to the scheduled hearing so that the Director's expert can effectively formulate an opinion on Rivera's intellectual status and level of adaptive functioning.

SIGNED _____, 2003.

                                                  FILEMON B. VELA
                                                  UNITED STATES DISTRICT JUDGE