IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE ALFREDO RIVERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. B-03-139 |
| | § | |
| DOUG DRETKE, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## JOINT MOTION FOR CONTINUANCE OF EVIDENTIARY HEARING

TO THE HONORABLE JUDGE FILEMON B. VELA:

Counsel for Petitioner Jose Alfredo Rivera ("Mr. Rivera") and Respondent Doug Dretke, TDCJ-CID Director ("the Director"), respectfully request a continuance of the December 10, 2003 scheduled evidentiary hearing. In support thereof, the parties would show the Court the following:

### BACKGROUND

1. At the September 29, 2003 status conference, the Court ordered an evidentiary hearing to commence at 8:30 a.m. on December 15, 2003. On November 18, 2003, the Court issued a notice of rescheduling of the December 15, 2003 hearing to December 10, 2003. Noted on the Court's computer docket of proceedings, it states, "If an extension is needed, a motion should be filed 15 days prior to the date of hearing." This timely request follows.

### PETITIONER'S REASONS FOR GRANTING REQUEST

2. Counsel for Mr. Rivera have been working diligently to collect all the pertinent records in this case. They have obtained and are in the process of completing review of all

records provided by Mr. Rivera's prior counsel as well as having collected and completed a review of all transcripts and records of previous court proceedings. Counsel for Mr. Rivera have also made over twenty-five record requests. In addition, they are waiting for information that will enable them to make at least five additional, important records requests. Only approximately twenty-five percent of the records requested have been received. All of the records received have been reviewed, but some of the copies are illegible, and counsel have had to request and wait for legible copies. Counsel for Mr. Rivera anticipate that once these records have been received and reviewed, there may be additional documents that will be imperative to counsel's adequate representation of Mr. Rivera.

3. Counsel for Mr. Rivera have been working diligently to complete their investigation of this case. They have made considerable progress in the investigation of Mr. Rivera's case in an attempt to adequately assess the adaptive skill aspect of the mental retardation analysis. In the course of this investigation, they have interviewed nine witnesses. Counsel has determined that at least eight more interviews will be necessary. Once these interviews are complete, they will also have to be memorialized in a form that can be utilized by the expert. Counsel also anticipates that these remaining interviews may provide information about additional people that counsel should interview before their social history investigation will be thorough and complete. Furthermore, Counsel may need to create additional work product regarding these interviews if the expert requires it in the course of his mental retardation analysis. Therefore, although significant headway has been made in the investigative aspects of the case, there is still important and necessary work to be completed.

4. Finally, Mr. Rivera's engagement of the necessary experts has proven to be time consuming. Mr. Rivera has now retained experts and filed an application for their funds with the

Court. The experts are continuing their work during the pendency of that motion. The earliest date that the testing expert for Mr. Rivera will be available to meet with Mr. Rivera and to perform an IQ test is the week of November 24, 2003. Once this test has been performed, Mr. Rivera's mental retardation expert will need time to evaluate the results in light of his other findings. The Court has also ordered that the parties' experts exchange relevant findings in this case. This requirement will take additional time as well.

5. Mr. Rivera has also been advised by Naomi Terr that the process involved in making a mental retardation determination in a case such as this one is a complex and time-consuming one. Naomi Terr is an attorney licensed in Texas whose practice consists solely of capital punishment litigation and who has provided assistance with the investigation of mental retardation claims in approximately ten separate cases. As Ms. Terr asserted in her affidavit, "A proper investigation into an individual's adaptive functioning is specialized and time-consuming." *See* Sealed *Ex Parte* Application for Authorization of Funds for the Assistance of Experts and a Mental Retardation Investigator, Ex. 3. For Mr. Rivera's counsel to represent him adequately, they will need more time to complete a thorough social history investigation.

## RESPONDENT'S REASONS FOR GRANTING REQUEST

6. Undersigned counsel for the Director equally desires a continuance of the evidentiary hearing. Initially, the Director's psychological expert will need time to review and evaluate testing materials which have not yet been provided by Mr. Rivera's expert. Because Mr. Rivera's expert has not had a chance to interview and test Mr. Rivera, the Director's own evaluation of such materials is necessarily delayed. After reviewing the materials, the Director's expert needs additional time to interview and test Mr. Rivera at the Polunsky Unit and then time to score and assess his own tests. Thereafter, the expert is expected to provide copies of his

testing materials to Mr. Rivera's experts and they, in turn, will need additional time to evaluate and review those materials before the hearing.

7.      Furthermore, this Court has recently granted the Director's motion for discovery which allows undersigned counsel to obtain copies of Mr. Rivera's school records from Brownsville Independent School District and from the Windham School system. Once these records are obtained, they must be forwarded to the Director's expert for his review and consideration in assessing whether he believes Mr. Rivera is mentally retarded.

8.      Additionally, counsel for the Director needs an extension of time due to her extensive involvement in other capital cases which have limited or will limit her preparation for Mr. Rivera's December hearing: (1) preparing Responedent-Appellee's brief on three issues in *Ted Calvin Cole v. Dretke*, 5th Cir. No. 01-10646 (filed Oct. 24th, with oral argument in New Orleans on November 20th); (2) preparing for and serving as solo counsel in an evidentiary hearing in *Joe Lee Guy v. Dretke*, U.S.D.C. No. 5:00-cv-00191 (N.D. Lubbock) (hearing commenced on Oct. 17th, with 45 witnesses; set to re-commence on Dec. 1, 2003; and (3) undersigned is co-counsel in *Delma Banks, Jr. v. Dretke*, No. 02-8286, which is scheduled for argument before the United States Supreme Court on December 8, 2003. Counsel will fly to Washington, D.C. on Saturday, December 6th following the hearing in Lubbock, and will return to Austin at 10 p.m. on Monday, December 8th. Insufficient time remains for counsel to confer with her expert, to review the extensive documents, to interview additional witnesses, and to be thoroughly prepared for the hearing in this Court.

## CONCLUSION

For the above reasons, the parties respectfully request that the December 10, 2003 hearing date in this case be continued. If it is amenable to the Court, the parties also ask that the Court continue the hearing until at least the first week of February 2004. This request for continuance is not for delay only, but so that justice may be done.

Respectfully submitted,

*Max Hendrick III* (signature)

Max Hendrick, III
Attorney-in-Charge
Southern District Bar No. 0518
Texas State Bar No. 09450000
Vinson & Elkins L.L.P.
1001 Fannin St., Suite 2300
Houston, Texas 77002-6760
Phone: 713-758-2546
Fax:   713-615-5251

*Katherine D. Hayes by Tina L. Jettner* (signature)

Katherine D. Hayes (AAG)
Southern District Bar No. 22698
Texas State Bar No. 00796729
Office of the Attorney General of Texas
Postconviction Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548

**ATTORNEY FOR RESPONDENT**

OF COUNSEL:
Walter M. Berger
Southern District Bar No. 21834
Texas State Bar No. 00798063
Emily W. Pipkin
Southern District Bar No. 35260
Texas State Bar No. 24037284
Vinson & Elkins L.L.P.
1001 Fannin St., Suite 2300
Houston, Texas 77002-6760
Phone: 713-758-2222
Fax:   713-615-5258

**ATTORNEYS FOR PETITIONER**

### CERTIFICATE OF CONFERENCE

Counsel for both parties have conferred and agreed to the relief being sought by this motion on a joint basis.

*Max Hendrick III* (signature)