

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | |
|---|---|
| JOSE ALFREDO RIVERA, § | |
| Petitioner, § | |
| § | |
| v. § | CIV. NO. B-03-139 |
| § | |
| DOUG DRETKE, DIRECTOR, TX DEPT. § | |
| OF CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

### ORDER

Earlier this year, the court asked both parties for their views on the propriety of a court-appointed expert, and both sides complied in letters to the court. Though the State conceded that courts have appointed their own expert in cases similar to that before this court and suggested that this court had the power to retain an expert, it asserted that a court-appointed expert in the instant case would be "inappropriate" because the medical and legal issues were so interwoven. The State also propounded the notion that, if the court should decide to appoint an expert, said expert's role should be limited. The State, however, failed to convey what limitations should be imposed. Finally, the State expressed concerns over whom the court would choose and how the court would make that choice.

Though counsel for Mr. Rivera did not directly oppose the court's suggestion that it might retain its own expert, he, too, believed that the expert's role should be limited. While counsel suggested a non-testifying technical advisor could be appointed, he also opined that it would be improper to appoint an expert to: (1) retest the defendant due to the "practice effect" and/or (2) conduct an independent assessment of the defendant's adaptive skills, unless the parties were able

to provide the expert "with the same information made available to the experts who testified on Mr. Rivera's behalf." Counsel, however, conceded that, should the expert's role be too limited, such a person might be of little value to the court. Counsel for Mr. Rivera also echoed the State's concern that "reliance" upon an expert by the court may have the effect of shifting the decision-making process from the court to the expert. Finally, Mr. Rivera's counsel, like the State, voiced concerns over whom the court would choose and how the court would make that choice.

Though both sides complied with the court's request for input on the appointment of an expert, the gravamen of the ultimate question to be decided in this case warrants the issue of a court-appointed expert or technical advisor to be further explored in greater detail. The court therefore **ORDERS** the State and Counsel for Mr. Rivera to show cause why an expert or technical advisor should not be appointed. Each party is to submit a written brief on this question by December 17, 2004. Additionally, the parties are to agree to a date for a hearing on this show cause order and for further testimony, as detailed in the paragraph below, from the following choices: December 20, 2004; January 3, 2005; January 7, 2005; January 10, 2005; January 14, 2005; and January 24, 2005.

The court further **ORDERS** each party to bring to the upcoming hearing their respective experts who had previously testified at the hearing held before Judge Vela in order for said experts to address some outstanding issues. Fact witnesses need not be presented. The court anticipates that the hearing will last one day, but will keep its calendar flexible in the event the hearing needs to be extended. The court does not intend to ask counsel to repeat the evidence already presented, but wants to pursue a few topics in more detail. In an effort to help both the experts and counsel focus, the following are some of the topics in which the court is interested:

1) The manner in which the test(s) already administered to Mr. Rivera was/were given

2

      and graded;

2)    The differences, if any, between the manner and the environment in which the test(s) already given to Mr. Rivera was/were conducted versus the preferred manner and environment for the administration of such a test(s);

3)    The effect, if any, of Mr. Rivera's first language being Spanish and the test(s) being conducted in English;

4)    The manner in which the examiner can compensate for the language barrier and whether the examiner should compensate for perceived language barriers;

5)    The validity of excluding those portions of a test (given in English) in which a native Spanish speaker might encounter problems;

6)    The alternatives to giving a test in English—especially the alternatives available for testing someone raised in the Hispanic culture along the southern border of the United States;

7)    The medical (and legal) effects of the abuse of inhalants;

8)    The method(s) used to determine what medical problems existed prior to age eighteen (18) as opposed to those that occurred afterwards;

9)    The appropriate legal definition of mental retardation; and

10)    Issues related to the "practice effect" (i.e. why it applies, how long it lasts and its documented effects).

The above-listed topics are not all-inclusive, and they should not be interpreted as a preview of the court's view as to any one topic or to any overriding issue in this case. They are listed, in no particular order, solely to assist in preparation for the hearing, so the parties are not blind-sided by a topic of interest to the court. Nor should either side assume from this Order that the court has decided the issue of a court-appointed expert or technical advisor. In fact, the hearing in question may convince the court that one should not be appointed and/or that one is not needed.

The parties must notify the court as to their choice of a hearing date from those listed above

by letter on or before November 30, 2004. Failure to do so will result in the court ordering a date convenient to it.

Signed in Brownsville, Texas, this 17th day of November, 2004.

Andrew S. Hanen
United States District Judge