IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO RIVERA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:03-cv-00139 |
| | § | **CAPITAL LITIGANT** |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
|     Respondent. | § | |

**RESPONDENT'S BRIEF ON SHOW CAUSE ORDER**

This case involves a successive writ of habeas corpus filed by Petitioner Jose Alfredo Rivera pursuant to 28 U.S.C. §§ 2244 and 2254. The sole issue before this Court is whether Rivera's execution is barred by the Eighth Amendment and *Atkins v. Virginia,* 536 U.S. 304 (2002), because he is mentally retarded. On January 7-8, 2004, the Court held an evidentiary hearing and following, both parties provided supplemental and reply briefs. Docket Entries ("DE") 48, 49, 51, & 52. On November 17, 2004, the Court ordered the parties to brief the issue why an expert or technical advisor should not be appointed. DE 56. This response timely follows.

I.   **The Court Should Not Appoint Its Own Expert.**

This Court certainly has the power to appoint its own expert; however, this is not the case in which to do so. The Federal Rules of Evidence provide that the Court "may appoint

---

[1] Respondent Dretke is actually Director of the Correctional Institutions Division, and not the Institutional Division. Respondent will be referred to herein as "the Director."

expert witnesses of its own selection." FED. R. EVID. 706(a). Furthermore, district courts enjoy "broad discretion in deciding whether to appoint independent experts." *LeBlanc v. PNS Stores, Inc.*, 1996 WL 607017, at *1 (E.D. La. 1996) (citing *U.S. v. State of Mich.*, 680 F.Supp 928 (W.D.Mich.1987)). And the advisory committee notes to Rule 706 make clear that "[t]he inherent power of a trial judge to appoint an expert of his own choosing is virtually unquestioned." F.R.E. 706, Advisory Comm. Notes (citing, *e.g., Scott v. Spanjer Bros.*, Inc., 298 F.2d 928 (2nd Cir. 1962)).

Nevertheless, while this power is recognized, "the enlistment of court-appointed experts pursuant to Federal Rule of Evidence 706 is not commonplace." *Leblanc*, at *1 (citing F.R.E. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence"), and *In Re Joint E. & S. Dists. Asbestos Litigation,* 830 F.Supp. 686, 693 (E. & S.D.N.Y.1993)). As courts have recognized, Rule 706 should be reserved "for exceptional cases *in which the ordinary adversary process does not suffice.*" *Asbestos Litigation,* 830 F.Supp. at 693 (emphasis added). In describing the type of case which might qualify for a court-appointed expert, the Eastern and Southern Districts of New York reasoned:

> The work of such experts is especially critical in dealing with complex mass tort problems such as the instant case. The dilemma presented here is typical of these exceptional cases: the epidemiological and other scientific questions are complex and riven with uncertainties and interdependent variables; the number of persons affected runs into the hundreds of thousands; the courts cannot proceed toward a just and equitable result without some reasonably firm data projecting the numbers and volume of claims at issue; and all parties have strong and conflicting interests in the character of that data. These

factors, alone and in combination, point to the necessity of neutral, expert assistance under the auspices of the court.

*Id.*

Rivera's case does not present the type of "exceptional" case warranting a court-appointed independent expert. Here, Rivera has presented two experts -- Dr. Gilda Kessner and Dr. Richard Garnett -- whereas the Director presented one expert -- Dr. Roger Saunders. These witnesses provided affidavits and reports, and each testified live at the January 2004 evidentiary hearing. In addition, this Court has ordered both parties to appear with their experts on January 14, 2005, for a hearing on a wide variety of topics. DE 56. Here, the ordinary adversary process is sufficient for resolution of the case such that the appointment of an additional expert witness is unwarranted.

Furthermore, "the mere fact that the parties' retained experts have expressed divergent opinions does not necessarily warrant that the Court appoint an expert to aid in resolving the conflict." *Mallard Bay Drilling, Inc. v. Bessard*, 145 F.R.D. 405, 406 (W.D. La. 1993) (citing *Oklahoma Natural Gas Co. v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir.1986), and *Georgia-Pacific Corp. v. United States*, 640 F.2d 328 (1980)). In *Mallard Bay*, the court was faced with conflicting expert opinions about whether an employee needed additional arthroscopic surgery to treat a work-related knee injury; the district court reasoned the appointment of an additional expert was unnecessary:

> The appointment by this Court of yet another expert is not likely to enlighten or enhance the ability of the Court to determine the pending issue. While appointment of an expert by the Court would ultimately add an additional

> witness to one side or the other, it is axiomatic that weight of the evidence is not to be determined by the number of witnesses that testify. Where as here, the experts retained by the parties are well qualified and capable of presenting sufficient information to permit a just resolution of the pending issue, appointment of yet another expert is not warranted.

145 F.R.D. at 406. Just as in *Mallard Bay*, so too would the appointment of an additional expert be unlikely to enlighten or enhance the Court's ability to determine the pending mental retardation issue.

**II.     This Court May Appoint A Technical Advisor, Subject To Certain Limitations.**

This Court also has the power to appoint its own technical advisor. *In Ex parte Peterson*, 253 U.S. 300, 312 (1920), the Supreme Court recognized that trial judges in the federal system possessed "inherent power to provide themselves with appropriate instruments required for the performance of their duties," including the power to "appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." FED.R.CIV.P. 53, which deals with the naming of masters, "may be a fertile source of judicial power to retain necessary technical assistance." *Reilly v. United States*, 863 F.2d 149, 155 n.4 (1st Cir.1988) (citing *Reed v. Cleveland Bd. of Educ.*, 607 F.2d 737, 746 (6th Cir.1979) (authority to appoint "expert advisors or consultants" derives from either Rule 53 or court's inherent power), and *Hart v. Community School Bd.*, 383 F.Supp. 699, 764 (E.D.N.Y.1974) (Rule 53 "is broad enough to allow appointment of expert advisors")).

Court-appointed advisors do not serve the same role as experts, and the First Circuit

has explained the differences between the two and the limitations placed on advisors as follows:

> Advisors of this sort are not witnesses, and may not contribute evidence. Similarly, they are not judges, so they may not be allowed to usurp the judicial function. *See Kimberly v. Arms*, 129 U.S. 512, 524 ... (1889) (court may not, through appointment of a master or otherwise, "abdicate its duty to determine by its own judgment the controversy presented"); *see also* MCL 2d § 21.54 (advisors "should not be used to displace the parties' right to a resolution of disputes through the adversarial system"); *cf. La Buy v. Howes Leather Co.*, 352 U.S. [249, 256 (1957)] (special master's role is "not to displace the court"). A judge may not, for example, appoint a legal advisor to brief him on legal issues, since "determination of purely legal questions is the responsibility of the court itself." *Reed v. Cleveland Bd. of Educ.*, 607 F.2d at 747. Neither may a court employ a technical advisor to "undertake an independent mission of finding facts" outside the record of the case. *Johnson v. United States*, 780 F.2d 902, 910 (11th Cir.1986) (citation omitted). In fine, the advisor's role is to act as a sounding board for the judge -- helping the jurist to educate himself in the jargon and theory disclosed by the testimony and to think through the critical technical problems.

*Reilly*, 863 F.2d at 157-58.

Although courts have authority to appoint technical advisors, "'such appointments should be the exception and not the rule, and should be reserved for truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten ... just adjudication.'" *Association of Mexican-American Farmworkers v. California*, 195 F.3d 465, 492 (9th Cir. 1999) (quoting *Reilly*, 863 F.2d at 156). In this case, to the extent the Court feels it necessary to appoint an advisor to assist in assessing the testimony and evidence presented, then the Director has no objection subject to the above limitations.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON J. CLEMMER
Deputy Attorney General for Criminal Justice

GENA BUNN
Chief, Postconviction Litigation Division


 s/Katherine D. Hayes
*KATHERINE D. HAYES
Assistant Attorney General
Postconviction Litigation Division
Texas Bar No. 00796729
Southern District No. 22698

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone: (512) 936-1600
Telecopier: (512) 320-8132
Email: katherine.hayes@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was electronically served pursuant to LOCAL RULE 5.1, on this the 15th day of December, 2004.

                                              s/Katherine D. Hayes
                                              KATHERINE D. HAYES
                                              Assistant Attorney General