IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 7 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE ALFREDO RIVERA,<br><br>Petitioner,<br><br>V.<br><br>DOUG DRETKE, Director, Texas<br>Department of Criminal Justice,<br>Institutional Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§   NO. B-03-139<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PETITIONER JOSE ALFREDO RIVERA'S BRIEF IN
RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

OF COUNSEL:
William E. Lawler III
Southern District Bar No. LA29514
Walter M. Berger
Southern District Bar No. 21834
Texas State Bar No. 00798063
Emily W. Pipkin
Southern District Bar No. 35260
Texas State Bar No. 24037284
Vinson & Elkins L.L.P.
1001 Fannin St., Suite 2300
Houston, Texas 77002-6760
Phone:  713-758-2222
Fax:      713-615-5258

Max Hendrick, III
Attorney-in-Charge
Southern District Bar No. 0518
Texas State Bar No. 09450000
Vinson & Elkins L.L.P.
1001 Fannin St., Suite 2300
Houston, Texas 77002-6760
Phone:  713-758-2546
Fax:      713-615-5251

ATTORNEYS FOR PETITIONER
JOSE ALFREDO RIVERA

On November 17, 2004, the Court entered an Order providing, among other things, that the parties show cause why an expert or technical advisor should not be appointed in the captioned cause (hereinafter "Show Cause Order"). Petitioner Jose Alfredo Rivera (hereinafter "Petitioner" or "Mr. Rivera") respectfully submits this brief in response to the Show Cause Order.

## I. A COURT-APPOINTED EXPERT WOULD BE INAPPROPRIATE AT THIS STAGE OF THE CASE

As the Court is aware, on January 7-8, 2004 an evidentiary hearing was held before the Honorable Filemon Vela on the issue of Mr. Rivera's mental retardation. Evidence was presented through fact witnesses, expert witnesses, affidavits and other documents on behalf of Mr. Rivera and through fact witnesses, an expert witness and documents on behalf of Respondent. Post-hearing briefs and reply briefs were filed on behalf of Petitioner and Respondent. Judge Vela made no ruling on the issue of Mr. Rivera's mental retardation before his untimely death, and the case was reassigned to this Court.

At the Court's request during a June 2, 2004 status/scheduling conference call, the parties submitted their respective positions on the issue of a court-appointed expert. Petitioner's position on this issue was submitted to the Court in a letter dated June 25, 2004. The Show Cause Order states that "the gravamen of the ultimate question to be decided in this case warrants the issue of a court-appointed expert or technical advisor to be further explored in greater detail." Following the Court's Show Cause Order, counsel for Petitioner have researched and given further consideration to the issue. As a result, it is our position on behalf of Mr. Rivera that a court-appointed expert pursuant to FED. R. EVID. 706 (hereinafter "Rule 706") would be inappropriate under the circumstances of this case.

The United States Court of Appeals for the Tenth Circuit addressed the issue of a post-trial appointment of an expert witness under Rule 706 in *United States v. Elwyn Earl Weathers*, 618 F.2d 663 (10th Cir. 1980). There, in a situation analogous to the present case, the Tenth Circuit questioned the practice of a post-trial appointment of an expert. In pertinent part, the Tenth Circuit stated:

> There is serious doubt whether the procedure employed by the trial court in seeking additional expert testimony comported with the requirements of FED. R. EVID. 706, which was designed in part to lessen the risk that the adversary system would be encroached upon by a judge's assumed inquisitional power. Cf. DeParq, Law, Science and the Expert Witness, 24 Tenn.L.Rev. 166, 171 (1956). Rule 706 is ordinarily "invoked considerably before trial since to comply with subdivision (a) there must be time for (1) a hearing on the order to show cause, (2) consent by the designated expert, (3) notification of the expert of his duties either in writing or at a conference, and (4) findings by the expert which (5) must be communicated to the parties." 3 Weinstein's Evidence P 706(02) (1978). *See also United States v. Green*, 544 F.2d 138, 146, 146 n. 16 (3d Cir. 1976), cert. denied, 430 U.S. 910, 97 S. Ct. 1185, 51 L. Ed. 2d 588 (1977) (ex parte contacts between judges and their appointed experts should be avoided).

*Id.* at 664. In *Weathers*, the Tenth Circuit found no error in the trial court's post-submission appointment of an expert because the trial court did not rely on the expert's reports in reaching its decision. *Id.*

Although one rationale for a court-appointed expert is where the adversarial process fails to produce evidence of clear probity on complex technical issues, *Pennwatt Corp. v. Boston, Davidson & Co.*, 434 F.Supp. 758 (D.N.J. 1977), there is an abundance of testimony on mental retardation in this proceeding. Even though the expert testimony on the ultimate issue in this case is in conflict, a divergence in expert testimony does not require (and in some cases does not warrant) the appointment of an additional expert by the Court. *Oklahoma Nat. Gas Co. v. Mahon & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir.), *cert. denied*, 479 U.S. 853 (1986); *Georgia Pacific Corp. v. United States*, 640 F.2d 328, 334 (Ct. Cl. 1980); *Hern v. Sappy*, 116

2

F.R.D. 332, 336 (E.D. La. 1995); *Mallard Bay Drilling, Inc. v. Bessard*, 145 F.R.D. 405, 406 (W.D. La. 1993).

Petitioner is aware that this Court did not have an opportunity to observe the expert witnesses who offered divergent testimony at the February 7-8, 2004 hearing, and although the issue may not be one of "credibility" of those expert witnesses, there could well be an issue as to the reliability and soundness of the conclusions reached and testified to by the opposing experts. This concern should be alleviated to some extent by the forthcoming January 14, 2005 show cause hearing at which time the Court will have an opportunity to observe and question the same experts who testified on the issue of Mr. Rivera's mental retardation at the February 7-8, 2004 evidentiary hearing.

The Court's appointment of an expert under Rule 706 would likewise seem to involve a number of potential procedural pitfalls. First, fairness would suggest that any court-appointed expert should be impartial, that is, neither historically a "prosecution expert" nor a "defense expert" on the issue of mental retardation, and the expert would need to consent to the appointment. *See* Rule 706(a). Second, the exact duties of the expert would have to be stated and communicated to the expert. *Id.* For instance, is the expert to administer new tests to Mr. Rivera and conduct an independent investigation and assessment of his adaptive skills deficiencies or is the expert to rely on the evidence at the prior evidentiary hearing? Third, the expert's conclusions, of which the parties are to be notified, would presumably have to be aired in some subsequent hearing and be subjected to cross-examination. *Id.*

In the present case a full evidentiary hearing has been held and the issue of Mr. Rivera's mental retardation has been briefed by the parties. Petitioner suggests that all of the foregoing

considerations weigh against the appointment by the Court of an additional expert witness at this stage of the case.

## II. THE APPOINTMENT OF A TECHNICAL ADVISOR MAY BE MORE APPROPRIATE

Separate and apart from Rule 706, the Court has the inherent power to appoint a technical advisor to assist it in the understanding of complex or technical issues. *Elliott v. Jones*, 549 F.2d 1001, 1006 (5th Cir. 1977); *Dresser Industries, Inc. v. Ford Motor Co.*, 530 F. Supp. 303, 313 (N.D. Tex. 1981) The distinction is that the technical advisor does not offer evidence, but merely assists the court in understanding the evidence that is presented. *See Association of Mexican-American Farmworkers v. California*, 195 F.3d 465, 492-493 (9th Cir. 1999), *aff'd*, 231 F.3d 577, 590-591 (9th Cir. 2002) (en banc). The appointment of a technical advisor at this stage of the case would likewise obviate most of the procedural pitfalls in the appointment of an expert witness under Rule 706, although fairness would still dictate the appointment of an independent, unbiased technical advisor.

Even though the appointment of a technical advisor pursuant to the Court's inherent powers would be more appropriate than the appointment of an expert pursuant to Rule 706, Petitioner suggests that the appointment of neither might be most appropriate. Once the Court has had an opportunity to observe and question Petitioner's and Respondent's expert witnesses at the January 14, 2005 show cause hearing, concerns about the reliability or soundness of those experts' conclusions might be resolved so that the Court can make its determination without the appointment of either an expert or technical advisor. With the appointment of either an expert or technical advisor, there is a risk that the decision-making process would be moved from the Court to the expert or technical advisor in derogation of the Court's responsibility to apply the correct legal standard of mental retardation.

## III. CONCLUSION

Petitioner submits that the appointment of a court-appointed expert pursuant to Rule 706 would be inappropriate at this stage of the case. Petitioner further submits that, although the appointment of a technical advisor would be more appropriate, such an appointment should be deferred in hopes the Court can resolve any reliability or soundness concerns about conflicting expert testimony through the January 14, 2005 show cause hearing.

Respectfully submitted,

*Max Hendrick III*

Max Hendrick, III
Attorney-in-Charge
Southern District Bar No. 0518
Texas State Bar No. 09450000
Vinson & Elkins L.L.P.
1001 Fannin St., Suite 2300
Houston, Texas 77002-6760
Phone: 713-758-2546
Fax:    713-615-5251

OF COUNSEL:

William E. Lawler III
Southern District Bar No. LA29514
Walter M. Berger
Southern District Bar No. 21834
Texas State Bar No. 00798063
Emily W. Pipkin
Southern District Bar No. 35260
Texas State Bar No. 24037284
Vinson & Elkins L.L.P.
1001 Fannin St., Suite 2300
Houston, Texas 77002-6760
Phone: 713-758-2222
Fax:    713-615-5258

**ATTORNEYS FOR PETITIONER
JOSE ALFREDO RIVERA**

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2004, a copy of this motion was served on the Respondent via facsimile at the following address:

Katherine D. Hayes
Assistant Attorney General
Postconviction Litigation Division
209 West 14th St., 8th Floor
Austin, Texas 78701

*Max Hendrick, III*
Max Hendrick, III

1983959_1.DOC

6