

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. 27,065-03

### EX PARTE JOSE ALFREDO RIVERA

### HABEAS CORPUS APPLICATION FROM CAMERON COUNTY

*Per Curiam. Price, J., would grant and remand to the trial court. Keller, P.J., and Womack, J., not participating.*

### O R D E R

In 1994 applicant was convicted of the offense of capital murder and assessed the death penalty. The conviction was affirmed on direct appeal. Rivera v. State, No. 71,916 (Tex. Crim. App., March 6, 1996). The trial court scheduled applicant's execution to take place today.

We denied applicant's initial application for habeas corpus relief. Ex parte Rivera, Writ No. 27,065-01 (Tex. Crim. App., December 16,



RIVERA -2-

1998).

On July 25, 2003, we dismissed applicant's first subsequent application for writ of habeas corpus filed pursuant to the provisions of Art. 11.071, Sec. 5, V.A.C.C.P. The application presented a claim of mental retardation under <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002). Dismissal was appropriate because applicant failed to produce sufficient specific facts to support his <u>Atkins</u> claim. In reaching our decision, we relied on the material submitted by applicant in his application and the record on direct appeal. Ex parte Rivera, Writ No. 27,065-02 (Tex. Crim. App. July 25, 2003).

On August 4, 2003, applicant sought reconsideration of the July 25, 2003, dismissal by way of a "Suggestion for Rehearing of Post Conviction Writ of Habeas Corpus and Motion for a Stay of Execution." The request was accompanied with documents presented for the first time in the "Suggestion." The motion was not authorized under Tex. R. App. P. 79.2(d). Further, upon due consideration of the material submitted and arguments made in support of the "Suggestion," we declined to reconsider the matter on our own initiative on August 5, 2003.

On this the eve of his scheduled execution, applicant has now filed a second subsequent application seeking habeas corpus relief on the basis he is retarded. The subsequent application relies on the

RIVERA -3-

material previously submitted in support of the "Suggestion for Rehearing." We have considered that material, the material previously submitted in support of the first subsequent application, the record on direct appeal and find applicant has failed to set out sufficient facts to raise a bona fide claim of mental retardation.

We decline to consider the newly presented material in support of the second subsequent application in isolation. An applicant may not and should not selectively dole out his evidence, bit by bit, in an effort to ultimately find a court in which he may succeed. Accordingly, we dismiss the application as an abuse of the writ under Art. 11.071, Sec. 5(a), and deny the request for a stay of execution.

IT IS SO ORDERED THIS THE 6TH DAY OF AUGUST, 2003

DO NOT PUBLISH