# EXHIBIT INDEX

1. Indictment for Attempted Burglary of a Building (1 page)

2. Certificate of Parole (2 pages)

3. Parole Revocation and Warrant of Arrest (1 page)

4. Certificate of Mandatory Supervision (2 pages)

5. Indictment for Capital Murder (2 pages)



30.02 ATTEMPTED BURGLARY (BLDG., HABITATION, or VEHICLE),

DOB: 10/23/62

Form 149

# IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the July Term, A.D. 19 88 , of the 107th Judicial District Court in and for said County, upon their oaths in said Court, present that JOSE ALFREDO RIVERA hereinafter called Defendant, on or about the 12th day of August A.D One Thousand Nine Hundred and Eighty-eight and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there unlawfully ,with the specific intent to commit the offense of burglary, attempt to break into and enter a    BUILDING    without the effective consent of    DAVID GONZALES   , the owner, by PULLING AND TRYING TO OPEN A DOOR

_____, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended,

against the peace and dignity of the State.

_____
Foreman of the Grand Jury.

88-CR-911-D

# State of Texas



TDCJ-BPPD

DPS NO: 3027883

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### BOARD of PARDONS and PAROLES DIVISION

## Certificate of Parole

**KNOW ALL MEN BY THESE PRESENTS:**

The Texas Department of Criminal Justice Board of Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| JOSE ALFREDO RIVERA | 587721 P2 |
|---|---|
| Name | TDCJ No. |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Parole release under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles Division hereby orders that the said inmate be released under Parole to the confines of the state and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

MR. RANDALL E. JOHNSTON
HARLINGEN DISTRICT PAROLE OFFICE
P O BOX 2876 ROOM 209 MATZ BUILDING
513 EAST JACKSON
HARLINGEN TEXAS 78550

I WAS INSTRUCTED TO REPORT TO MY PAROLE OFFICER BETWEEN THE HOURS OF 8 & 9 A.M. ON AUG 1 6 1991

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles Division, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.

### SPECIAL CONDITIONS

(1) S

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES DIVISION AT AUSTIN, TEXAS ON THIS THE _____15th_____ DAY OF _____AUGUST_____, 19 __91__.

BOARD OF PARDONS AND PAROLES DIVISION

If Parole is satisfactorily completed, Discharge Date will be __2994__

*[signature]*

2

RULES AND GENERAL CONDITIONS OF PAROLE RELEASE AS PROVIDED BY
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
BOARD OF PARDONS AND PAROLES DIVISION, ART. 42.18, C.C.P.

In consideration of the parole granted to me by the Texas Department of Criminal Justice Board of Pardons and Paroles Division (Board) I do hereby accept such parole. I recognize that my parole release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Board.
8. Abide by any Special Condition(s) imposed by the Board; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
   a. I hereby agree to abide by all rules of Parole and all laws relating to the revocation of Parole including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as the Board shall deem necessary, proper or which may be required by law.
   b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
   c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Parole by the Board of Pardons and Paroles Division, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where may be found; I do hereby further agree that I will not in any manner contest any effort by the state of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account.
D. Release to detainer or plan. (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer.
H. Halfway House Placement. (See attachment).
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
O. Releasee shall comply with any other condition as specified herein. (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate) Make restitution payments as required by supervising parole officer in an amount to be set by the Board. (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice Board of Pardons and Paroles Division (P.O.Box 13401, Capitol Station, Austin, Texas 78711); Amount to be set by the Board.
S. Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s).
Z. Releasee shall not enter the specified county without prior written Board approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole; and I further understand that when a warrant or a summons is issued by the Board of Pardons and Paroles Division charging a violation of Parole rule or special conditions the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles Division in such case and such suspended time credit may be reinstated by the Board of Pardons and Paroles Division should such Parole be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Parole I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Board of Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence.

AGREED AND SIGNED
on this date AUG 15 1991   Inmate's Signature /s/ Jose Alfredo Rivera

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

AUG 15 1991

BOARD OF PARDONS AND PAROLES DIVISION REPRESENTATIVE              DATE

PSL - 31 (6/90)

3

# STATE OF TEXAS
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:　　　　DPS#: 3027883

WHEREAS JOSE ALFREDO RIVERA, # 587721  was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division, released to administrative supervision under Certificate No. 08-15-91-587721 and subsequently failed to fulfill the terms and conditions of said release, and is therefore not worthy of the trust and confidence therein placed:

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby **REVOKE** that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT issue and the aforementioned person be returned to be confined in the Institutional Division to serve the sentence originally imposed or so much thereof as had not been served at the time of administrative release; and the time during which subject has been at large or on administrative release shall not be considered or credited to subject on such sentence.
********************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, a convicted felon and a prisoner of the State of Texas, administratively released from the custody of the Institutional Division, has violated the conditions of administrative release, and the Pardons and Paroles Division has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Pardons and Paroles Division as provided in Article 42.18, Texas Criminal Procedure. **THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.**



10-16-91
ISSUE DATE

By _____ JY
　　　Board Member
Board of Pardons and Paroles
P. O. Box 13401　　　　Phone
Austin, Texas 78711　(512)459-2733
Teletype# BPPZ or ORI# TX227015G
WARRANT NO. 10-16-91-587721
RULE #:2(PI,REST ARST,TERR THREAT2,UCW),5
DPS
SUPV REGION/ 10
AGENT REGION/
SUPV OFF/J. YAMAGUCHI/HARLINGEN
AGT OFF//
RELEASEE

Revocation Grounds:
___ do include new conviction
_X_ do not include new conviction
DYS CONFINED PREV PRWs: UNK
BPD-COC-98 (R-02-15-91)　　　IN CUSTODY DATE: 09-27-91

**4**

# State of Texas



PDCJ-BPPD

DPS NO:   3027883

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### BOARD of PARDONS and PAROLES DIVISION

## Certificate of Mandatory Supervision

KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Board of Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| JOSE ALFREDO RIVERA | 587721 | DB |
|---|---|---|
| Name | TDCJ No. | |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Mandatory Supervision release under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles Division hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

I WAS INSTRUCTED TO REPORT TO MY PAROLE OFFICER BETWEEN THE HOURS OF 8 & 9 A.M. ON JUN 0 8 1992.

MS. PATRICIA G. ESPARZA
HARLINGEN DISTRICT PAROLE OFFICE
P O BOX 2876 ROOM 209 MATZ BUILDING
513 EAST JACKSON
HARLINGEN TEXAS 78550

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles Division under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.

### SPECIAL CONDITIONS

(1) S   (2) L

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES DIVISION AT AUSTIN, TEXAS ON THIS THE _____4th_____ DAY OF _____MAY_____, 19 92.

BOARD OF PARDONS AND PAROLES DIVISION

*[signature]*

If Mandatory Supervision is satisfactorily completed, Discharge Date will be   3-23-94

RULES AND GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE AS PROVIDED BY
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
BOARD OF PARDONS AND PAROLES DIVISION, ART. 42.18, C.C.P.

In consideration of the release granted to me by the Texas Department of Criminal Justice Board of Pardons and Paroles Division (Board) I do hereby accept such mandatory supervision. I recognize that my mandatory supervision release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Board.
8. Abide by any Special Condition(s) imposed by the Board; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
   a. I hereby agree to abide by all rules of Mandatory Supervision and all laws relating to the revocation of Mandatory Supervision including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as the Board shall deem necessary, proper or which may be required by law.
   b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
   c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Mandatory Supervision by the Board of Pardons and Paroles Division, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account.
D. Release to detainer or plan. (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer.
H. Halfway House Placement. (See attachment).
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
O. Releasee shall comply with any other condition as specified herein. (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate)  Make restitution payments as required by supervising parole officer in an amount to be set by the Board. (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice Board of Pardons and Paroles Division (P.O.Box 13401, Capitol Station, Austin, Texas 78711); Amount to be set by the Board.
S. Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s).
Z. Releasee shall not enter the specified county without prior written Board approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Mandatory Supervision shall be sufficient cause for revocation of Mandatory Supervision; and I further understand that when a warrant or a summons is issued by the Board of Pardons and Paroles Division charging a violation of Mandatory Supervision rule or special conditions the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles Division in such case and such suspended time credit may be reinstated by the Board of Pardons and Paroles Division should such Mandatory Supervision be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Mandatory Supervision I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Board of Pardons and Paroles Division and that I will receive credit on my sentence day for day (without computation time); I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will __not__ be credited to my sentence.

AGREED AND SIGNED
on this date: JUN 0 5 1992     Inmate's Signature _Jose Alfredo Rocha_

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

JUN 0 5 1992

BOARD OF PARDONS AND PAROLES DIVISION REPRESENTATIVE                    DATE

PSL - 32 (6/90)

CAPITAL MURDER (In the course of committing fel[ony]  [19.03(a)(2)          #10
DOB: RIVERA 12/23/62 and ZAVALA 12/8/74

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the  JULY  Term, A.D. 19 93 , of the     107TH JUDICIAL DISTRICT     in and for said County, upon their oaths in said Court, present that   JOSE ALFREDO RIVERA AND VERONICA PATRICIA ZAVALA

hereinafter called Defendants,

on or about the  9TH  day of  JULY  A. D One Thousand Nine Hundred and  NINETY-THREE  and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there unlawfully , while in the course of committing and attempting to commit the offense of **AGGRAVATED SEXUAL ASSAULT** of **LUIS DANIEL BLANCO**, intentionally cause the death of **LUIS DANIEL BLANCO**, by **strangling LUIS DANIEL BLANCO with a ligature,**

AND THE GRAND JURORS DO FURTHER present that before the commission of the offense now charged above, to wit, on the **19th** day of **April, 1991**, in Cause Number **88-CR-911-D** in the **103rd District** Court of **Cameron** County, State of **Texas**, this Defendant, under the name **Jose Alfredo Rivera**, was duly and legally convicted of the felony offense of **Attempted Burglary of a Building,**

against the peace and dignity of the State.

_____
Foreman of the Grand Jury

10

7

THE STATE OF TEXAS
COUNTY OF CAMERON

I, AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and fore-
going is a true and correct copy of the Original Bill of Indictment, filed in said Court on _____

_____ A. D. 19____ in Cause No. _____, styled the State of Texas vs.
_____
_____

Given under my hand and seal of said court, at office in Brownsville, Texas, this _____ day
of _____ A. D. 19____.

AURORA DE LA GARZA, Clerk

By _____ Deputy

---

93-CR-1488-C

THE STATE OF TEXAS
vs.
JOSE ALFREDO RIVERA AND
VERONICA PATRICIA ZAVALA

**INDICTMENT**

OFFENSE:
CAPITAL MURDER AND AN ENHANCEMENT

LUIS V. SAENZ
Criminal County Attorney

A TRUE BILL:
_____ Foreman of Grand Jury

Filed on OCT 15 1993

AURORA DE LA GARZA, CLERK OF DISTRICT COURTS OF CAMERON COUNTY, TEXAS
By _____ Deputy

Amount of Bail _____

ID# RIVERA 10717
ZAVALA 70136

NAMES OF WITNESSES

11

8