IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO RIVERA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:03-cv-00139 |
| | § | **CAPITAL LITIGANT** |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**RESPONDENT'S SUPPLEMENTAL ANSWER**

On April 18, 2005, Respondent Doug Dretke ("the Director") filed his Answer to Petitioner Rivera's Post-Show Cause Hearing Brief. Because questions arose during the Court's May 11th telephonic conference regarding the records that exist from Rivera's state court appeals and the procedural history of this case, the Director files this supplemental answer to address only those two concerns.

**STATEMENT REGARDING THE RECORD**

On September 24, 2003, the Court received one folder of Rivera's successive state habeas records from counsel for the Director. *Ex parte Rivera*, Application Nos. 27,065-02 & 27,065-03 (Tex. Crim. App. 2004). These are the only records filed in state court which specifically pertain to Rivera's claim of mental retardation. Additionally, the Court was previously provided copies of Rivera's direct appeal and original state habeas records when Rivera's first federal writ was pending. *Rivera v. Johnson*, No. B-99-cv-00123 (S.D. Tex.). Pursuant to the Court's May 11, 2005 order, counsel will resubmit the state court record.

## STATEMENT OF THE CASE

In May 1994, Rivera was convicted and sentenced to die for the brutal murder of three-year-old Daniel Luis Blanco which occurred while Rivera was in the course of committing or attempting to commit an aggravated sexual assault.  On direct appeal, the Court of Criminal Appeals affirmed in an unpublished opinion, *Rivera v. State*, No. 71,916 (Tex. Crim. App. 1996), and Rivera did not seek certiorari review.

On April 21, 1997, Rivera filed an incomplete state habeas application and, on December 8, 1997, filed a supplemental writ petition raising a total of thirty claims. 1st SHTr 1-144.[1]  On December 16, 1998, the Court of Criminal Appeals denied Rivera's first state habeas corpus application. *Ex parte Rivera*, No. 27,065-01 (unpublished order).

Rivera filed a federal writ petition in this Court in July 1999 raising twenty-four grounds for relief. *Rivera v. Johnson*, No. B-99-cv-00123 (S.D. Tex.) at Docket Entries ("DE") 4 & 5. On August 27, 2001, United States Magistrate Judge Black issued a report recommending the denial of an evidentiary hearing, the granting of the Director's motion for summary judgment, and the denial of relief.  DE 54.  In October 2001, United States District Judge Vela adopted the report and recommendation, and denied all habeas relief. DE 67. On December 3, 2001, the Court denied a certificate of appealability ("COA"), and Rivera

---

[1] "1st SHTr" refers to the state habeas transcript -- the transcript of pleadings and documents filed during Rivera's first state habeas proceedings.  Each citation is followed by page reference.

timely filed notice of appeal. DE 75 & 77.[2]

In May 2002, Rivera applied to the Fifth Circuit Court of Appeals for a COA, but the request was denied. *Rivera v. Cockrell*, No. 01-41317 (5th Cir. November 27, 2002) (unpublished opinion). Rivera sought neither rehearing nor certiorari review. Thereafter, the 197th District Court of Cameron County, Texas, set Rivera's execution for August 6, 2003.

Two hundred and five days after the Fifth Circuit denied COA, on June 20, 2003, Rivera filed a successive skeletal habeas application (or first subsequent habeas application) in the state trial court arguing (1) that he is mentally retarded so that his execution is barred by the Eighth Amendment under *Atkins*; (2) that he is actually innocent such that his execution is unconstitutional under *Herrera v. Collins*, 506 U.S. 390 (1993), and Texas case law; and (3) that his death sentence violates *Ring v. Arizona*, 536 U.S. 584 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the jury that sentenced Rivera to death in 1994 did not make a factual determination that he is not mentally retarded. 2nd SHTr at 1 SHCR 1-9, 21-64.[3] In support, Rivera filed the following five exhibits:

---

[2] While Rivera's federal writ was pending, on December 6, 2001, Rivera moved the state trial court for postconviction DNA testing pursuant to TEX. CODE CRIM. PROC. art. 64.01, but the trial court denied the request. Oral argument was heard at the Court of Criminal Appeals on September 18, 2002, on Rivera's appeal. On November 6, 2002, the Court of Criminal Appeals affirmed the trial court's order denying DNA testing. *Rivera v. State*, 89 S.W.3d 55 (Tex. Crim. App. 2002).

[3] "2nd SHTr" refers to the pleadings and documents which comprise Rivera's second state habeas transcript. "SHCR" refers to the state habeas clerk's record, of which there are three volumes (mailed to the Court of Criminal Appeals on July 10, July 22, and July 29, 2003). Each

    (1)      June 18, 2003 affidavit of Esmeralda Maciel;

    (2)      June 18, 2003 affidavit of Camelia Garcia (in spanish) plus two-page translation (not dated or signed);

    (3)      June 18, 2003 affidavit of Lupita Rodriguez;

    (4)      miscellaneous school records; and

    (5)      May 22, 2003 letter to Windham School District plus three pages of computer screen printouts.

*Id*. at 38-64. Rivera also separately moved the trial court for expert psychiatric assistance and for postconviction DNA testing.[4] *Id*. at 16-17, 18-19. Between June 20th and July 24, 2003, Rivera filed a total of five supplements to his state habeas application and in support, provided the following exhibits relevant to his *Atkins* claims, renumbered herein:

    (6)      June 20, 2003 affidavit of Dora Garza;

    (7)      June 19, 2003 affidavit of Alma Lagarda for Camelia Garcia.

*Id*. at 69-72 (exhibits to first supplement to writ).

    (8)      June 27, 2003 affidavit of Hugh Albright;

    (9)      June 27, 2003 affidavit of Robert Moreno;

    (10)      June 27, 2003 affidavit of Alfredo Rivera, Sr.;

    (11)      June 27, 2003 affidavit of Maria Juanita Rivera.

*Id*. at 85-91 (exhibits to second supplement).

---

SHCR citation will be preceded by volume and followed by page reference.

    [4]    As explained in note 2 *supra*, Rivera had previously moved for DNA testing. Rivera's latest request for DNA was simply a repeat of his earlier, unsuccessful request.

   (12)   TDCJ medical records and two handwritten letters from Rivera;

   (13)   records from Tropical Texas Center on Mental Health & Mental Retardation;

   (14)   National Institute on Drug Abuse - information on inhalant abuse.

2nd SHTr at 2 SHCR 4-165 (exhibits to third supplement).

   (15)   three-page affidavit from death row inmate Derrick Frazier plus one-page typed version (not dated or signed);

   (16)   two-page affidavit from Rivera regarding his 1979 or 1980 head injury plus one-page typed version (not dated or signed).

2nd SHTr at 3 SHCR 4-10 (exhibits to fourth supplement).[5]

The State filed a Memorandum, which pointed out that during the punishment hearing on May 12, 1994, psychiatrist David Moron testified that Rivera's penitentiary records indicated that he had an IQ of 92. *See* 2nd SHTr at Memorandum (citing 16 RR 58). Thereafter, on July 25, 2003, the Texas Court of Criminal Appeals dismissed the successive writ, finding that Rivera failed to produce "sufficient specific facts" to support an *Atkins* claim, and barring all other claims as an abuse of the writ under TEX. CODE CRIM. PROC. art. 11.071, § 5(a). *Ex parte Rivera*, No. 27,065-02, at *4 (Tex. Crim. App. 2003) (unpublished order).[6]

---

[5] Rivera's fifth supplement only pertained to his claim of actual innocence. *See* 2nd SHTr at 3 SHCR 16-21.

[6] The Texas court's July 25th order was provided as Exhibit B in the Director's Answer.

One week later, on August 1, 2003, Rivera submitted a suggestion for rehearing and attached the following exhibits, renumbered herein:

(17)  excerpts from TDCJ manual re: Mentally Retarded Offender Program;

(18)  July 31, 2003 consultation report from Dr. Richard Garnett;

(19)  August 1, 2003 declaration of Dr. David Moron;

(20)  high school withdrawal form;

(21)  letter from Texas Education Agency affirming that Rivera never received a GED; and

(22)  eleven pages of records from the TDCJ inmate consolidated record form.

2nd SHTr at Rivera's Suggestion for Rehearing. On August 5, 2003, the Court of Criminal Appeals ordered that such a pleading is not authorized under TEX. R. APP. P. 79.2(d), and declined to reconsider the matter on its own initiative. *Ex parte Rivera*, No. 27,065-02, at *2 (Tex. Crim. App. 2003) (unpublished order).[7]

Additionally, on August 5, 2003, Rivera moved the Fifth Circuit for authorization to file a successive federal habeas petition, and the Director opposed the request. On August 6th, the court denied Rivera's motion, finding that Rivera failed to make a *prima facie* showing of retardation based on the evidence presented to the state court, and that "Rivera's *Atkins* claim gains its strength by the report of Dr. Garnett which was never presented to the state court until the motion for reconsideration of the decision by the Texas Court of Criminal

---

[7]  The Texas court's August 5th order was provided as Exhibit C in the Director's Answer.

Appeals denying relief." *In re: Jose Alfredo Rivera*, No. 03-41069, at *10, 6 (5th Cir. 2003) (unpublished).[8]

On August 6, 2003 -- the afternoon of his scheduled execution -- Rivera petitioned for certiorari review of the Texas court's July 25th and August 5th opinions on the dismissed state writ, and the Director opposed the request. The United States Supreme Court denied certiorari review. *Rivera v. Texas*, 539 U.S. 978 (2003).

Just a few hours before his impending execution, Rivera petitioned the United States Supreme Court for an original writ of habeas corpus and applied for a stay of execution, and the Director again opposed the requests. The United States Supreme Court denied habeas corpus relief, and denied Rivera's application for stay of execution. *In re Rivera*, 539 U.S. 978 (2003).

Next, Rivera filed a third state habeas application (or second subsequent habeas application), again arguing that he is mentally retarded yet this time relying on the additional materials previously submitted in Rivera's August 1, 2003 suggestion for reconsideration. 3rd SHTr at Rivera's Successor Application for Writ of Habeas Corpus and Stay of Execution.[9] The Court of Criminal Appeals dismissed this application as an abuse of the

---

[8] The Director's Answer included Exhibits A - I. The Fifth Circuit's August 6th order is attached to this Supplemental Answer as Exhibit J.

[9] "3rd SHTr" refers to the pleadings and documents filed in Rivera's third state habeas proceeding which occurred on August 6, 2003.

writ. *Ex parte Rivera*, No. 27,065-03, at *2 (Tex. Crim. App. 2003) (unpublished order).[10] In its order, the Texas court clarified that it had, in fact, considered the materials submitted and arguments made in support of Rivera's suggestion for reconsideration, but declined to reconsider the matter on the court's initiative.

Finally, Rivera moved the Fifth Circuit to grant leave to file a successive federal habeas petition, arguing that he is mentally retarded and asking the court to review all the evidence considered by the Texas court during the third state habeas proceedings. At nearly 9 p.m. on August 6, 2003, the Fifth Circuit found that Rivera made a sufficient *prima facie* showing of retardation to be authorized to proceed on a successive writ, and granted a stay of execution. *In re: Jose Alfredo Rivera*, No. 03-41069, at *2 (5th Cir. 2004) (unpublished).[11]

On August 11, 2003, Rivera filed an Application for Writ of Habeas Corpus in this Court and, later, a brief in support. DE 1 & 41. On January 7-8, 2004, the Court held an evidentiary hearing, after which both parties provided post-hearing briefs and reply briefs. DE 48, 49, 51 & 52. A hearing was then conducted on January 14, 2005, during which all three experts testified. Although the Director had previously moved to dismiss the writ, DE 7, and had argued against the merits of Rivera's claim in post-hearing briefing, DE 49 & 52, he had not yet answered Rivera's writ petition. Therefore, at the conclusion of the January 14, 2005, hearing, the Director asked for such an opportunity. The Court then ordered Rivera

---

[10]   The Texas court's August 6th order on Rivera's third writ was provided as Exhibit D in the Director's Answer.

[11]   This Fifth Circuit opinion was provided as Exhibit A in the Director's Answer.

to file any supplement by February 11, 2005, for the Director to answer or respond, and for Rivera to reply. On accordance with the Court's directive, Rivera filed a Post-Show Cause Hearing Brief. DE 64. The Director filed his Answer to Petitioner's Post-Show Cause Hearing Brief. DE 70. Following the Court's May 11, 2005 telephonic conference, the Director files this supplement.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        BARRY R. McBEE
        First Assistant Attorney General

        DON J. CLEMMER
        Deputy Attorney General for Criminal Justice

        GENA BUNN
        Chief, Postconviction Litigation Division

        s/Katherine D. Hayes
        *KATHERINE D. HAYES
        Assistant Attorney General
        Postconviction Litigation Division
        Texas Bar No. 00796729
        Southern District No. 22698

*Counsel of Record

        Office of the Attorney General of Texas
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        Telephone: (512) 936-1600
        Telecopier: (512) 320-8132
        Email: katherine.hayes@oag.state.tx.us

        ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was electronically served pursuant to LOCAL RULE 5.1, on this the 19th day of May, 2005.

        s/Katherine D. Hayes
        KATHERINE D. HAYES
        Assistant Attorney General