# Vinson&Elkins

Emily W. Pipkin  epipkin@velaw.com
Tel 713.758.4780  Fax 713.615.5258

March 31, 2008

Honorable Andrew S. Hanen, Judge
United States District Court
Federal Building
600 E. Harrison Street
Brownsville, Texas  78520

Re:    No. 06-70022, *Jose Alfredo Rivera, Petitioner-Appellee v. Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent-Appellant;* in the United States Court of Appeals for the Fifth Circuit

No. B-03-139; *Jose Alfredo Rivera v. Doug Dretke*; In the United States District Court, Southern District of Texas, Brownsville Division

Dear Judge Hanen:

The Fifth Circuit entered an Order on March 21, 2008 denying Petitioner-Appellee's Motion for Panel Rehearing.  On March 27, 2008, Rivera filed an Unopposed Motion to Stay the Mandate Pending Petition for Writ of Certiorari.   We have attached a courtesy copy of the Fifth Circuit's Order and Rivera's Unopposed Motion to Stay for your review.

Per your instructions at the status conference on November 16, 2007, the parties have conferred regarding the hearing on the issue of equitable tolling.  While we anticipate that the Fifth Circuit will grant the Unopposed Motion to Stay, in the event that the Court does not, we jointly and respectfully request that proceedings in this Court be placed on hold until the issues raised in the Petition for Certiorari are resolved.  The Petition is due on June 19, 2008, and we expect that a resolution will be reached no earlier than late September 2008.  Alternatively, if this Court would like to move forward with the hearing on the equitable tolling issue before that time, Petitioner proposes the weeks of July 14 and July 21, 2008.

**Vinson & Elkins LLP  Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

First City Tower, 1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel 713.758.2222  Fax 713.758.2346  www.velaw.com

V&E

Very truly yours,

VINSON & ELKINS L.L.P.

By:

Emily W. Pipkin

encls.

cc:    Katherine D. Hayes
       Assistant Attorney General
       Office of the Attorney General of Texas
       300 West 15th Street
       Austin, Texas  78701

       William E. Lawler, III
       VINSON & ELKINS, L.L.P.
       The Willard Office Building
       1455 Pennsylvania Ave. NW, Suite 600
       Washington, D.C.  20004-1008

       Max Hendrick, III
       KELLY HART & HALLMAN, LLP
       1000 Louisiana, Suite 4700
       Houston, Texas   77002

# *United States Court of Appeals*
#### FIFTH CIRCUIT
#### OFFICE OF THE CLERK

ARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

March 21, 2008

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 06-70022 Rivera v. Quarterman
USDC No. 1:03-CV-00139

Enclosed is an order entered in this case.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _____
Mary Frances Noveh
Case Management Clerk
504-310-7686

Ms Katherine D Hayes
Mr Max T Hendrick III

MOT-2

RECEIVED
MAR 2 2008
MH

DEATH PENALTY CASE

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS

MAR 2 1 2008

CHARL ___ ___ ___

———————————————

No. 06-70022

———————————————

JOSE ALFREDO RIVERA

Petitioner-Appellee,

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellant.

———————————

Appeal from the United States District Court
For the Southern District of Texas

———————————

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

    Rivera's argument that his petition for habeas corpus relief
met AEDPA's statute of limitations because he filed in this court
within the required time period a motion for authorization to file
a successive petition, attached to which was a proposed petition,
is compelling; however, this panel is bound by *Fierro v. Cockrell*,

294 F.3d 674 (5th Cir. 2002). *See United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006) ("Absent an intervening Supreme Court or en banc decision or a change in statutory law, we are bound to follow a prior panel's decision."), *cert. denied*, 127 S. Ct. 555 (2006). Although Rivera attached a proposed habeas petition to the motion for authorization in accordance with our rules, which was not required of the petitioner in *Fierro* and which the petitioner there did not do on his own initiative, this alone does not alter the analysis that undergirds *Fierro*. The panel in *In re Lewis*, 484 F.3d 793 (5th Cir. 2007), did not analyze this issue.

IT IS ORDERED that the petition for rehearing is DENIED.

ENTERED FOR THE COURT:

*Patrick E. Higginbotham*

PATRICK E. HIGGINBOTHAM
UNITED STATES CIRCUIT JUDGE

CLERK'S NOTE:
SEE FRAP AND LOCAL
RULES 41 FOR STAY OF THE
MANDATE.

No. 06-70022

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JOSE ALFREDO RIVERA
*Petitioner-Appellee,*

v.

NATHANIEL QUARTERMAN, Director, Texas Department
of Criminal Justice, Correctional Institutions Division,
*Respondent-Appellant.*

On Appeal from the United States District Court
For the Southern District of Texas, Brownsville Division

## PETITIONER-APPELLEE'S UNOPPOSED MOTION TO STAY THE MANDATE PENDING PETITION FOR WRIT OF CERTIORARI

TO THE HONORABLE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Pursuant to Federal Rule of Appellate Procedure 41(d)(2), Petitioner-Appellee Jose Alfredo Rivera ("Rivera") respectfully moves the Court to stay issuance of the mandate in the above-captioned cases pending the filing and disposition of a petition for writ of certiorari by Rivera in the United States Supreme Court. In support thereof, Rivera would show the Court as follows:

1.    This Court issued its opinion on October 18, 2007, affirming the district court's finding that Rivera is mentally retarded, but remanding this case for an evidentiary hearing on the issue of equitable tolling based on the Court's determination that Rivera's successive writ application filed in the district court on Monday, August 11, 2003 was untimely.  Rivera timely filed a petition for panel rehearing, which was denied on March 21, 2008.  The mandate is currently set to issue March 28, 2008, according to the Court's docket sheet.  *See also* FED. R. APP. P. 41(b).

2.    Rivera intends to file a petition for a writ of certiorari to the United States Supreme Court.  That petition is due June 19, 2008 (90 days after the Court's order overruling petition for rehearing).  *See* Sup. Ct. R. 13.1.  By this motion, Rivera seeks an order staying issuance of this Court's mandate pending filing and disposition of their petition for a writ of certiorari.

3.    Rule 41(d)(2) of the Federal Rules of Appellate Procedure provides the framework for obtaining a stay of mandate pending the filing and disposition of a petition for a writ of certiorari.  Under Rule 41(d)(2):

> A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay.
>
> The stay must not exceed 90 days, unless the period is extended for good cause or unless the party who obtained

2

> the stay files a petition for the writ and so notifies the
> circuit clerk in writing within the period of the stay.  In
> that case, the stay continues until the Supreme Court's
> final disposition.

FED. R. APP. P. 41(d)(2)(A)-(B).  The requirements for granting a stay are satisfied.

4.      First, the motion for stay is being served on all parties, in accordance

with Rule 41(d).      Katherine Hayes, attorney for the Respondent-Appellant,

Nathaniel Quarterman, Director, Texas Department of Criminal Justice,

Correctional Institutions Division, has advised counsel for Rivera that the Director

does not oppose this motion.  *See* Certificate of Conference.

5.      Second, the petition for writ of certiorari that Rivera intends to file

will present a "substantial question" to the Supreme Court.  In its order on panel

rehearing, this Court noted that it found Rivera's argument that his petition for

habeas corpus relief met AEDPA's statute of limitations because he filed in this

Court within the required time period for a motion for authorization to file a

successive petition "compelling," but nonetheless denied the motion because the

Court is bound *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002).  This case raises an

important federal question that has not been addressed by the United States

Supreme Court.  As this Court recognized in its rehearing order, the petitioner in

*Fierro* did not attach a proposed habeas petition to his motion for authorization.

Rivera did attach a proposed habeas petition since this is now required by this

Court's rules.  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).  At the time that

3

*Fierro* was decided, this Court stated that the question was "one of first impression." *Fierro*, 294 F.3d at 680. Although certiorari was denied in *Fierro*, this case is different because Rivera, a confirmed mentally-retarded offender, has argued that a transfer in the "interest of justice" would have been timely under 28 U.S.C. § 1631 (an argument not raised in *Fierro*). Because this is a case in which "a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by the Supreme Court," this case presents a substantial question that warrants Supreme Court review.    *See* Sup. Ct. R. 10(c) (considerations governing review).

6.    This case is further worthy of certiorari because the current rule in the Fifth Circuit (*i.e.*, that the filing of a motion for authorization with the habeas petition attached does *not* satisfy AEDPA's limitations) conflicts with position taken by the Second Circuit, thereby presenting an opportunity for the Supreme Court to resolve the ambiguity that now exists. This Court held that it was bound by the holding in *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002) that the timely filing of a motion for authorization to file a successive petition in this Court did not satisfy AEDPA's statute of limitation, even though Rivera attached his proposed petition to his motion for authorization. This Court's position is inconsistent with *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), wherein the Court stated in *dictum* that a petitioner could submit an "application" to the circuit court

4

"accompanied by" the motion for authorization that "would be considered in determining the applicant's compliance with the applicable one–year limitations period."

7.    Third, there is good cause for granting the requested stay.    This Court's decision has potentially far-reaching implications.    The Court is remanding the case for an evidentiary hearing on equitable tolling after affirming the finding that Rivera is mentally retarded.    If a mentally retarded offender cannot be executed, *see Atkins v. Virginia*, 535 U.S. 304 (2002), then there should be no reason for having an evidentiary hearing on the equitable tolling issue in the district court.

8.    Presently, there is no execution date, but out of an abundance of caution, Rivera requests the stay so that the district court will not proceed on the issue of equitable tolling until the timeliness issue is finally resolved and Rivera's petition for certiorari has been finally resolved.

### CONCLUSION AND PRAYER

For the foregoing reasons, Petitioner-Appellee Jose Alfredo Rivera respectfully requests the Court grant this unopposed motion to stay issuance of its mandate in accordance with Federal Rule of Appellate Procedure 41(d) and stay issuance of the Court's mandate pending filing and disposition of Rivera's petition

for a writ of certiorari.   Rivera also requests all such other relief to which he is

entitled.

                                         Respectfully submitted,

                                         VINSON & ELKINS, L.L.P.

William E. Lawler, III                              Gwen Samora
VINSON & ELKINS, L.L.P.                        Catherine B. Smith
The Willard Office Building                   Emily W. Pipkin
1455 Pennsylvania Ave. NW, Suite 600       2500 First City Tower
Washington, D.C. 20004-1008                1001 Fannin Street
(202) 639-6676 [Telephone]                Houston, Texas  77002-6760
(202) 639-8876 [Facsimile]                 (713) 758-2942 [Telephone]
                                           (713) 615-5214 [Facsimile]

Max Hendrick, III
Kelly Hart & Hallman, LLP
1000 Louisiana, Suite 4700
Houston, Texas  77002
(713) 654-4603 [Telephone]
(713) 374-2003 [Facsimile]

*Attorneys for Petitioner-Appellee, Jose Alfredo Rivera*

6

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Respondent-Appellant, and was informed that the Director does not oppose the relief requested in this motion.

VINSON & ELKINS L.L.P.

Emily Pipkin, Attorney for
Petitioner-Appellee, Jose Alfredo Rivera

Dated this 27th day of March 2008.

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2008, the foregoing Unopposed Motion to Stay the Mandate Pending Petition for Writ of Certiorari was mailed to the U.S. Court of Appeals for the Fifth Circuit and to counsel of record listed below by Federal Express mail:

Ms. Katherine Hayes
Assistant Attorney General
Office of the Attorney General of Texas
300 West 15th Street
Austin, Texas 78701
*Attorneys for Respondent-Appellant*

Catherine B. Smith