United States District Court
Southern District of Texas
**ENTERED**
May 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO RIVERA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 1:03-CV-139 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

In 2003, Texas death row inmate Jose Alfredo Rivera filed a federal petition for a writ of habeas corpus. (Docket Entry No. 1). Among other issues, Rivera argued that intellectual disability rendered him ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). Respondent[1] moved to dismiss Rivera's *Atkins* claim as untimely. After holding an evidentiary hearing, in 2006 the Court found that Rivera is an intellectually disabled person who qualifies for *Atkins* relief. (Docket Entry No. 79). The Court permanently enjoined the State of Texas from executing Rivera.

In 2007, the Fifth Circuit affirmed this Court's decision that Rivera met the requirements for *Atkins* relief. *Rivera v. Quarterman*, 505 F.3d 349, 363 (5th Cir. 2007). The Fifth Circuit, however, remanded the case for a determination of whether Rivera's *Atkins* claim was timely. The Fifth Circuit specifically instructed this Court "to hold an evidentiary hearing, make specific findings, and rule on the issue of equitable tolling." *Id.* at 354.

Before a hearing could be held, however, the Texas Board of Pardon and Paroles recommended that the Governor commute Rivera's death sentence. (Docket Entry Nos. 104,

---

[1] Effective May 1, 2016, Lorie Davis became the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Davis "is automatically substituted as a party." FED.R.CIV.P. 25(d).

105). The Court abated this case to allow the state executive clemency process to continue. (Docket Entry No. 112). On March 5, 2014, the Court ordered the parties "to notify this Court immediately if and when the Governor acts upon the recommendation of the Board of Pardon and Paroles." (Docket Entry No. 119).

This case has sat dormant for several years. It appears that the Governor has not acted on the recommendation and that Rivera remains on death row. Accordingly, the Court **ORDERS** the parties to confer and file a joint status update regarding this case within thirty (30) days from the entry of this Order. The parties' status update will discuss whether any action by the Governor is anticipated and whether this case should be reopened for the purposes of holding an evidentiary hearing on the question of timeliness.

SIGNED on this 8th day of May, 2020.

Andrew S. Hanen
United States District Court Judge